IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ABDULLAH ABDUS-SABIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV-94-B-0181-S |
| ) | |
| MORRIS THIGPEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

Plaintiff Abdullah Abdus-Sabir, an inmate in the Alabama penal system presently incarcerated at the William E. Donaldson Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff named thirty-two defendants and set forth numerous claims in eighty-seven numbered paragraphs. After obtaining a special report from the defendants, a magistrate judge of this court filed a report and recommendation specifically addressing plaintiff's claims that he had been denied access to the courts, that his rights to due process and equal protection had been violated, and that he had been subjected to cruel and unusual punishment and retaliation. The magistrate judge recommended that summary judgment be granted in favor of the defendants and that all claims against all defendants be dismissed with prejudice. The undersigned adopted the magistrate judge's report, accepted his recommendation, and granted summary judgment in favor of the defendants. Plaintiff appealed the judgment to the Court of Appeals for the Eleventh Circuit, which affirmed in part and reversed in part.

The Court of Appeals affirmed the decision of this court with regard to plaintiff's claims that he had been denied access to the courts, that his rights to due process and equal protection had been violated, and that he had been subjected to cruel and unusual punishment and retaliation. The appellate court found, however, that plaintiff's First Amendment claim regarding the defendants' failure to deliver his mail had not been addressed by the court and vacated the entry of summary judgment as to that claim only, remanding the matter to this court for further proceedings.

The defendants were ordered to review plaintiff's claim that they failed to deliver his mail to him and to respond with a written report to the court accompanied by sworn statements of those persons having knowledge of the facts of the claim. The defendants responded by submitting a Supplemental Special Report accompanied by the affidavit of Mail Room Clerk Mary Willis. Thereafter, plaintiff was notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose. Plaintiff was advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). Plaintiff filed a response to the defendants' motion for summary judgment, attaching his own affidavit and the affidavit of Dan Burl.[1]

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate only if

---

[1] A document purporting to be the affidavit of Beverly Allen is also attached to plaintiff's response. However, this document is neither signed nor dated and therefore cannot be considered by the court.

2

there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).

## ALLEGATIONS OF THE PARTIES

Plaintiff complains that his First Amendment right to receive mail was violated on three separate occasions. The first incident occurred in May 1989, when "relatives sent legal documents through the mail." Complaint (Document #1) at 21, ¶ 60. Although properly addressed, Burl Affidavit, Attachment to Document #71, at 1, plaintiff maintains that "[t]he package was returned without [his being] provid[ed] notice." Complaint at 21, ¶ 60. It is not clear who plaintiff accuses of performing this action.[2] The next incident occurred in February 1993, when "correspondence" sent to plaintiff "was returned to sender Beverly Allen by Mail Clerk Mrs. Willis as insufficient address." Complaint at 21, ¶ 59. The third, and last, incident occurred in October 1993, when "William E. Donaldson[3] by disapproval of John E. Nagle sent package back to sender in which was notified that contents was stamps and information or documents to be used in post conviction." Complaint at 21, ¶ 61. Plaintiff states that "when [he] fully explained why the correspondence should not be returned in Notification of Rejected Mail, John E. Nagle without reason denied [his receipt of the] correspondence." Plaintiff's Affidavit, Attachment to Document #71, at 2.

Mail Clerk Willis states in her affidavit that "[i]nmates must obtain prior approval from the Warden to receive packages from family members. When mail and/or a package is returned to sender, the inmate to whom the package was addressed is sent a Notification of Rejected Mail stating

---

[2] In this paragraph of his complaint, plaintiff states that "William E. Donaldson has twice sent legal mail back to sender." Complaint at 21, ¶ 60. It is unclear whether this statement refers to Correctional Officer William E. Donaldson, the individual, or to William E. Donaldson Correctional Facility. (West Jefferson Correctional Facility, was renamed William E. Donaldson Correctional facility after Correctional Officer William E. Donaldson was killed by an inmate on January 12, 1990. *Carr v. State*, 640 So. 2d 1064, 1066 (Ala. Crim. App. 1994)). In any event, plaintiff has named neither Officer Donaldson nor William E. Donaldson Correctional Facility as a defendant in this action.

[3]*See* n. 2, *supra*.

the reason the mail and/or package is being returned to sender." Willis Affidavit, Document #69 at 4.

## DISMISSAL OF CLAIMS AGAINST CERTAIN DEFENDANTS

As noted above, plaintiff named 32 defendants in his complaint. It is clear, however, that only Mail Room Clerk Mrs. Willis and Warden John Nagle are alleged to have violated plaintiff's First Amendment rights by failing to deliver his mail.[4] Because plaintiff does not complain of any conduct committed by the remaining defendants in connection with his First Amendment claim, the claim is insufficient, as to those defendants, to state a cause of action under 42 U.S.C. § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (one of the two essential elements in any § 1983 action is that "the conduct complained of was committed by a person acting under color of state law"), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). For this reason, the First Amendment claim against all defendants except Mail Room Clerk Willis and Warden Nagle is due to be dismissed with prejudice.

## DEFENDANTS WILLIS and NAGLE

It is well settled that prison inmates "retain those First Amendment rights of speech 'not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system.'" *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (*quoting Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Subject to some limitations, prisoners have a First Amendment right to engage in personal correspondence with persons outside prison. *See, e.g., Procunier v. Martinez*,

---

[4]*See* n. 2, *supra*.

5

416 U.S. 396, 417-18 (1974); *McNamara v. Moody*, 606 F.2d 621, 623 (5th Cir. 1979). It is clear, however, that isolated incidents of interference with an inmate's mail do not establish a First Amendment violation. *See Gardner v. Howard*, 109 F. 3d 427, 430-31 (8th Cir. 1997); *Smith v. Maschner*, 899 F. 2d 940, 944 (10th Cir. 1990); *Sizemore v. Williford*, 829 F. 2d 608, 610-11 (7th Cir. 1987).

In this case plaintiff alleges that over a period of four years and five months, (1) Mail Clerk Willis returned one item of correspondence to its sender for having an insufficient address; (2) Warden Nagle "disapprov[ed]" a package that was returned to its sender; and (3) that another package was returned to its sender without his being notified of the return.[5] Plaintiff has set forth no allegations to establish that these three incidents were in any way related or that the actions of defendants Willis and Nagle can be attributed to anything more than mere negligence. Negligence, of course, will not support an action under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

In addition, with regard to the May 1989 incident, plaintiff has not clearly identified the person responsible for returning the package.[6] To the extent that plaintiff complains, in connection with that incident, that the routine procedure for handling mail was not followed in that he was not notified that this package was being returned to the sender, he fails to state a constitutional claim. The mere fact that agency regulations or procedures have been violated does not by itself rise to the level of a constitutional violation. *United States v. Caceres*, 440 U.S. 741 (1979); *Caruth v. Pinkney*,

---

[5]*See* n. 2 and accompanying text, *supra*.

[6]*See* n. 2 and accompanying text, *supra*.

683 F.2d 1044 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983); *Dowdy v. Johnson*, 510 F.Supp. 836, 838 (E.D. Va. 1981).

Plaintiff's factual allegations do not establish anything more than three unrelated and apparently unintentional incidents over the course of four years and five months. Further, each of the two named defendants is alleged to be responsible for only one incident. These facts simply do not establish a violation of plaintiff's First Amendment rights. Consequently, plaintiff's claim that his First Amendment rights have been violated by the defendants' interference with his mail is due to be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment is due to be granted and this action dismissed with prejudice. The Court specifically finds that there are no disputed issues of material fact and that the defendants are entitled to judgment as a matter of law.

The Court will enter an Order contemporaneously herewith in accordance with this Memorandum of Opinion.

DONE this the **26th** day of September, 2000.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE